# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DAVID WILLIAM SHAW,**

    **Plaintiff,**

**vs.**                                                **Case No. 4:16cv549-MW/CAS**

**MR. SCOGGINS, P.A.,**
**MRS. C. GLAVEY, R.N.,**
**and MRS. C. PRICE, R.N.,**

    **Defendants.**
_____/

## **REPORT AND RECOMMENDATION**

The Clerk of Court entered a default as to Defendant Scoggins, ECF No. 32, and Defendant Price, ECF No. 38. Defendant Price signed a waiver of service, ECF No. 20, but then failed to file an answer or respond to the pro se Plaintiff's complaint. Defendant Snoggins was served with process, ECF No. 18, but also failed to answer or otherwise respond to the complaint. *See* ECF No. 37. Plaintiff filed a motion for default judgment as to Defendant Price, ECF No. 42, and a separate motion for default judgment as to Defendant Scoggins, ECF No. 47.

Subsequently, a notice of appearance has been filed for Defendants Price, ECF No. 49, and Scoggins, ECF No. 61. A motion to set aside the Clerk's default has also been filed by Defendants Price, ECF No. 52, and Scoggins, ECF No. 65. Plaintiff was provided an opportunity to file opposition, if desired, to the motion to set aside the default filed by Defendant Price.[1] See ECF Nos. 55, 63. Although two Orders advised Plaintiff of that opportunity, he has not filed any opposition.

The record discloses that Defendant Price did not initially file a response to Plaintiff's complaint because she thought her employer was doing so. ECF No. 52 at 1; ECF No. 51-1 at 2. Her explanation is reasonable, especially in light of the change of health care providers for the Department of Corrections from Corizon to Centurion. Similarly, Defendant Scoggins has satisfactorily explained the circumstances surrounding his service of process, the change in employment locations, and his prior experience with representation being provided by the employer. ECF No. 65 at 2-3; ECF No. 66-1 at 29. Good cause having been shown as required by Rule 55(c), the Clerk's default against both Defendants Price

---

[1] Plaintiff had not already been directed to file a response to the motion to set aside default, ECF No. 65, filed by Defendant Scoggins as it was just filed on July 27, 2017.

and Scoggins should be set aside. The Defendants failure to respond was not "the result of culpable or willful conduct of" either Defendant, and Plaintiff is not prejudiced in setting aside the default. <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (quoted in <u>Badger Auctioneers, Inc. v. Ali</u>, No. 616cv572-ORL-31-TBS, 2017 WL 343904, at *2 (M.D. Fla. Jan. 10, 2017), report and recommendation adopted, No. 616cv572-ORL-31-TBS, 2017 WL 320819 (M.D. Fla. Jan. 23, 2017).

      Additionally, Plaintiff's motions for default judgment should be denied. Defendants have demonstrated their intent to defend against the claims brought against them and they assert that they have meritorious defenses. They have presented satisfactory reasons for not filing timely responses to Plaintiff's complaint. Additionally, there is no prejudice to Plaintiff in proceeding with this litigation "given that 'defaults are seen with disfavor because of the strong policy of determining cases on their merits . . . ." <u>Domineck v. One Stop Auto Shop, Inc.</u>, 302 F.R.D. 695, 699 (N.D. Ga. 2014) (quoting <u>Florida Physician's Ins. Co. v. Ehlers</u>, 8 F.3d 780, 783 (11th Cir. 1993)); <u>Safari Programs, Inc. v. CollectA Int'l Ltd.</u>, No. 15-14799, 2017 WL 1455949, at *5 (11th Cir. Apr. 25, 2017) (vacating district court's entry

of default judgment); Perez v. Wells Fargo N.A., 774 F.3d 1329, 1339 (11th Cir. 2014).

It is respectfully **RECOMMENDED** that Plaintiff's motion for default judgment as to Defendant Price, ECF No. 42, be **DENIED**; that Plaintiff's motion for default judgment against Defendant Scoggins, ECF No. 47, be **DENIED**; that Defendant Price's motion to set aside the Clerk's default, ECF No. 52, be **GRANTED**; and Defendant Scoggins' motion to set aside the Clerk's default, ECF No. 65, be **GRANTED**. It is further **RECOMMENDED** that Defendants Price and Scoggins be required to file an answer or other response to the complaint within 10 days, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 2, 2017.

                              S/ Charles A. Stampelos
                              **CHARLES A. STAMPELOS**
                              **UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.