IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID WILLIAM SHAW,**

    **Plaintiff,**

vs.                                                                       Case No. 4:16cv549-MW/CAS

**MR. SCOGGINS, P.A.,
MRS. C. GLAVEY, R.N.,
and MRS. C. PRICE, R.N.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendants Scoggins, Price, and Glavey have filed a motion to dismiss or for judgment on the pleadings. ECF No. 74. Defendants contend that Plaintiff failed to timely exhaust administrative remedies and, thus, judgment on the pleadings is appropriate. ECF No. 74. Plaintiff, a pro se prisoner, was advised of his obligation to file a memorandum in opposition pursuant to N.D. Fla. Loc. R. 7.1(E). ECF No. 75. Plaintiff's response was timely submitted to prison officials for mailing, ECF No. 76, and the motion is ready for a ruling.

**Motion to dismiss, ECF No. 74**

Defendants point to the allegations of Plaintiff's complaint which advise that Plaintiff was injured in an altercation with another inmate on March 11, 2016. ECF No. 74 at 2 (citing to ECF No. 1). However, Plaintiff did not file a formal grievance concerning the lack of medical care until April 11, 2016. ECF No. 74 at 2. Defendants argue that the grievance was untimely and, thus, Plaintiff cannot satisfy the exhaustion requirement of the Prison Litigation Reform Act.

**Plaintiff's response, ECF No. 76**

In response, Plaintiff points out that after an altercation with another inmate on March 11, 2016, he was placed in administrative confinement for three days. ECF No. 76 at 2. On March 14, 2016, he was taken to the hospital where x-rays were taken of his right arm, revealing a compound fracture. *Id.* Plaintiff was returned to his Correctional Institution, but nine days later, he was taken back to the hospital for surgery on his right arm. *Id.* Plaintiff advises that "16 stainless steel screws had to be implanted into the bones of his right arm," and he attached an exhibit to his response which demonstrates the placement of the screws. *Id.* at 11 (Ex. A). Plaintiff remained in the hospital until March 25, 2016. *Id.* at 2. After his

release, he "was placed into an isolation cell from March 26, 2016, until April 8, 2016." *Id.* During that time, Plaintiff states that he was unable to access writing supplies and he was separated from his property (on "property restriction"). *Id.* at 2-3. Moreover, Plaintiff states that he is right-handed and would not have been able to write a grievance while in isolation. *Id.* at 3. After Plaintiff was placed into administrative confinement, he submitted his formal grievance on April 10, 2016, a date almost one month from the date of injury. *Id.* at 3. Plaintiff states that at that point "he was finally able to write enough to get his complaint on to the proper forms, and for his property to be returned to him so that he could file his grievance on this issue." *Id.* Plaintiff contends that his complaint should not be dismissed on exhaustion grounds because the Department of Corrections addressed his grievances on the merits. *Id.* at 5-6.

**Standard of Review**

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." 42 U.S.C. § 1997e(a) (quoted in <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1854-55, 195 L. Ed. 2d 117 (2016)). The Supreme Court has held that "failure to exhaust is an affirmative

defense under the PLRA."  Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  "[D]efendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies."  Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008); see also Jones, 127 S.Ct. at 921 (concluding "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").  The issue of exhaustion is "treated as a matter in abatement."[1]  Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)).  Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter."  Bryant, 530 F.3d at 1374 (cited in Turner, 541 F.3d at 1082).

---

[1] "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Bryant, 530 F.3d at 1376.  Additionally, Turner v. Burnside "established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust."  Whatley, 802 F.3d at 1209 (quoting Turner, 541 F.3d at 1082).  First, if the factual allegations in the motion to dismiss conflict with those in the prisoner's response, the prisoner's view of the facts must be accepted as true. If the prisoner's facts show a failure to exhaust, the motion to dismiss must be granted.  Second, if dismissal is not warranted based on the prisoner's factual allegations, the court must "make specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust."  Id. at 1082-83; see also 802 F.3d at 1209.

Case No. 4:16cv549-MW/CAS

The purpose of exhaustion is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006) (quoted in Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1208 (11th Cir. 2015)). In doing so, prisoners must "properly exhaust" administrative remedies by complying with prison grievance procedures. Jones, 549 U.S. at 218, 127 S.Ct. at 922-23. Nevertheless, "district courts may not find a lack of exhaustion by enforcing procedural bars that the prison declined to enforce." Whatley, 802 F.3d at 1213-14.

In Whatley, the Eleventh Circuit Court of Appeals pointed out that under the relevant rules, prison officials could have rejected the prisoner's grievance and refused "to consider issues not raised in an informal grievance." 802 F.3d at 1214. However, prison officials ignored that procedural flaw and considered the merits of the prisoner's claims in the formal grievance and appeal. *Id.* The Court joined with other Circuits in holding that "a procedural flaw ignored by a prison cannot later be resurrected by the District Court to defeat exhaustion." 802 F.3d at 1215 (citing Hill v. Curcione, 657 F.3d 116, 125 (2d Cir. 2011) (holding "that the

exhaustion requirement of the PLRA is satisfied by an untimely filing of a grievance if it is accepted and decided on the merits by the appropriate prison authority."); Reed-Bey v. Pramstaller, 603 F.3d 322, 325 (6th Cir. 2010) (holding that "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we."); Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005) ("Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits."); Ross v. Cty. of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004) ("If a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000)).  Notably, several of those decisions were based on prison officials' consideration of untimely grievances.  Whatley, thus, held "that a prisoner has exhausted his administrative remedies when prison officials decide a procedurally flawed grievance on the merits."  Whatley controls this case.

Plaintiff submitted his grievance to the warden on April 10 or 11th, 2016.  Plaintiff says it was April 10th, Defendants say it was April 11th.[2]  Either way, Plaintiff was complaining about the lack of medical care provided to him on Friday, March 11, 2016.  ECF No. 76 at 13.  Pursuant to prison rules, a formal grievance "[m]ust be received no later than 15 calendar days from . . . . the date on which the incident or action being grieved occurred if an informal grievance was not filed . . . ."  FLA. ADMIN. CODE R. 33-103.011.  Plaintiff's grievance was not submitted within the time required.  Nevertheless, the warden responded to Plaintiff's grievance on the merits, denying it, and advising Plaintiff that he could "obtain further administrative review" by submitting an appeal to the Bureau of Inmate Grievance Appeals.  *Id.* at 15.  Plaintiff did so on May 9, 2016, and his appeal was "carefully evaluated" and denied on the merits.  *Id.* at 17-19.  Because prison officials did not conclude that Plaintiff's grievances were untimely and refuse to address the claim on the merits, this Court should not do so either.  Prison officials waived that "exhaustion defense when it addresse[d] and decide[d] [the] prisoner's grievance on the merits even

---

[2] Plaintiff's grievance was signed on the 10th and stamped "received" by the warden on April 11, 2016. ECF No. 76 at 13 (Ex. B).

though the grievance could have been - but was not - denied on a valid procedural ground." 802 F.3d at 1216 (Vinson, concurring). The motion to dismiss, ECF No. 74, should be denied.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendants' motion to dismiss, ECF No. 74, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 7, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**